## Kennett Square Borough 1964 Financial Report

*John E. Stively, Jr.*, for appellant.
*James E. O'Neill, Jr.*, for appellees.

KURTZ, J., April 28, 1967.—The financial report of the Borough of Kennett Square for the year 1964 made by the duly elected auditors of the borough upon printed forms prepared by the Commonwealth's Department of Internal Affairs was filed in the office of the clerk of the court of quarter sessions on April 1, 1965. Two addenda, copies of which are attached hereto and marked exhibits A and B respectively, were a part of that report.

Exhibit A was attached upon the outside front cover of the report, and although exhibit B indicates that it is page 13a thereof and also that it is schedule "I", a schedule which the prepared report does not contain, it was explained by auditors' counsel at the hearing that it was "a ramification of the figures shown on Schedule C of the official report". Also attached to the report are copies of the minutes of the borough council for meetings held August 3, 1964, and September 14, 1964, at which meetings that body undertook to make settlement with the tax collector for taxes which were due and uncollected for the years 1956-1963 inclusive, it being auditors' position that because these settlements were attempted during the year for which they were empowered to conduct their audit, they were authorized to look behind each of those settlements in order to determine whether they had been proper and valid and that they found them to be erroneous; hence, they undertook to correct those errors, thereby determining that a shortage existed as indicated upon the addendum marked schedule "I", for which shortage they assessed the surcharge of $2,560.52, as it is therein computed.

The tax collector has appealed from the audit, pursuant to the provisions of section 1038 of The Borough Code of May 4, 1927, P. L. 519, sec. 1038, as amended by the Act of June 9, 1931, P. L. 386, sec, 9, and the Act of July 10, 1947, P. L. 1621, sec. 29. After the

filing of this appeal in May of 1965, this section of The Borough Code was superseded by the substantially similar section of The Borough Code of February 1, 1966, P. L. (1965) 1656, no. 581, sec. 1044, 53 PS §46044. However, the provisions of the prior code must be applied in this case because section 103 of the new act, 53 PS §45103, so directs.

We believe that the procedure which auditors attempted to follow in this case is not one which conforms to that established by the applicable law. For that reason, we conclude that there was no valid surcharge made by auditors against this appellant and that their effort in that direction was a nullity; hence, there was nothing upon the record from which this appellant could appeal. In this situation, the appeal must be quashed and the parties left to those rights and remedies which they may have under applicable law.

We believe that the confusion in this case is the result of auditors' failure to follow the procedure prescribed by the Local Tax Collection Law of May 25, 1945, P. L. 1050, 72 PS §5511.1 et seq. Section 43 of that act specifically repealed section 1312 of The Borough Code of 1927, which provided: "The accounts of the tax collector shall be settled by the borough auditors or controller. The tax collector shall state a separate account for each different tax collected by him". Section 44 of the Local Tax Collection Law likewise repealed all other acts and parts of acts which were inconsistent with it. Consequently, when section 1312 of the former law was thus taken out of The Borough Code and the procedure for audit and settlement of tax collectors' accounts, as spelled out in sections 26 and 41, 72 PS §§5511.26 and 5511.41, of the later statute, as amended, were substituted for it, that portion of section 1035 of The Borough Code which

made reference to the auditing of the accounts of the tax collector was likewise repealed, even though the remaining provisions of that section which had to do with the auditing of the accounts of "all officers of the borough" remained in full force and effect, and this, we think, is true even though the language of the original act was re-enacted in amendments to The Borough Code which became effective after the repealing act had become law. Such a construction conforms to the applicable provisions of the Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 77, as amended by the Act of May 27, 1953, P. L. 242, sec. 1, 46 PS §577, which provides: "Provisions of a law no longer effective because of having been deleted by an earlier amendment or otherwise shall not be construed as being revived by re-enactment in an amendatory law, unless it shall clearly appear by notice thereof in the title of the amendatory law that the Legislature intended to revive such provisions".

Neither do we think that the re-enactment of section 1035 of the old code in The Borough Code of 1966, 53 PS §46041, requires that we change our decision in that regard. On that point, it is sufficient that we note that the tax collector's accounts having to do with the administrative expenditures of his office, as distinguished from his tax collection accounts, are still subject to audit and surcharge under the provisions of that section. Additionally, it should be observed that under the provision of the Statutory Construction Act quoted above, the legislature has not made it clearly appear by notice thereof in the title of the new borough code that it intended to revive those provisions of the prior one which it had theretofore clearly repealed.

By disposing of this matter in this fashion, we should point out that we have not undertaken to decide whether or not a shortage exists in the accounts

of the tax collector of the Borough of Kennett Square. All that we have decided is that that question is not properly before us.

### ORDER

And now, April 28, 1967, the appeal of Marion D. Fulton, Tax Collector of the Borough of Kennett Square, from the audit and attempted surcharge of the auditors of said borough filed in the office of the clerk of the quarter sessions on April 1, 1965, is hereby quashed, without prejudice, however, to the rights, privileges and obligations which exist in the parties interested in said matter under the provisions of applicable law.